# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL G. DIAMOND and HERBERT S. DIAMOND, : : : Plaintiffs : : v. : : CENTER TWO CENTER HOLDINGS, INC. CONSOLIDATED LUMBER TRANSPORT, INC., J R C TRANSPORTATION, INC., and ERWIN J. ADAMS, : : : : : : : : Defendants : | Civil No. 4:13-CV-1593 (Judge Brann) (Magistrate Judge Carlson) |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

In this action, the plaintiffs have sued the defendants in tort for injuries that they allegedly sustained as a result of a vehicular accident on Interstate 80 near Lamar Township, Pennsylvania. Plaintiffs allege that on the morning of April 19, 2012, Erwin J. Adams was operating a tractor trailer to haul large steel coils, and that the steel coils came loose and fell to the highway, directly in front of the plaintiffs' car, causing a head-on collision. The plaintiffs also claim that as a result of this collision, the rear of their own vehicle was struck by another car, and was later declared a total loss. Plaintiffs have also alleged a variety of personal injuries sustained as a result

of the accident, and they have brought claims for compensatory and punitive damages.

The defendants have filed a preliminary motion to dismiss only the plaintiff's claims for punitive damages. (Doc. 4) Defendants argue that the plaintiffs have pleaded insufficient facts to support such a claim, because there are no plausible allegations that the defendants' conduct was outrageous, or exhibited reckless indifference to the rights of others. Instead, the defendants maintain that the plaintiffs have only articulated a claim for mere negligent conduct, and they further contend that the Court should conclude at this early stage that the imposition of punitive damages were serve no legitimate purpose in this case. The plaintiffs have opposed the motion, arguing that their allegations are adequate, and that they should be permitted to take discovery into facts that may support a claim for extraordinary damages.

The motion is fully briefed and is ripe for disposition. Upon consideration, we find that the plaintiffs' complaint sufficiently alleges claims that could ultimately support a claim for punitive damages under Pennsylvania law, depending on what facts are adduced through discovery and presented at trial, and thus find no basis to dismiss this claim at this early point of the litigation. Accordingly, we will recommend that the motion to dismiss be denied, without prejudice to the defendants'

renewing their request for summary judgment on the issue of whether punitive damages are available in this case, depending on what evidence may be yielded during discovery.

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for assessing the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has explained:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a

4

review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

## III. DISCUSSION

As noted, the defendants have moved to dismiss only the plaintiffs' demand for punitive damages for the conduct that allegedly caused the traffic accident and the personal injuries and property damages that they incurred. The defendants urge the Court to apply the standards governing a motion to dismiss discussed above to find that the allegations set forth in the complaint are insufficient to support a claim for extraordinary damages under Pennsylvania law.

The Pennsylvania Supreme Court has adopted the Restatement (Second) of Torts § 908(2) with respect to punitive damages. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 235 (3d Cir. 1997) (citing Delahanty v. First Pa. Bank, N.A., 464 A.2d 1243, 1263 (Pa. 1983)). Such damages may be awarded in order to punish a defendant for outrageous conduct, which is defined as an act which, in addition to creating "actual damages, also imports insult or outrage, and is committed with a view to oppress or is done in contempt of plaintiffs' rights." Id. Accordingly, the defendants' state of mind is "a critical question" in assessing the availability of such extraordinary relief. Logue v. Logano Trucking Co., 921 F. Supp. 1425, 1427 (E.D. Pa. 1996) (citing Feld v. Merriam, 485 A.2d 742, 748 (Pa. 1984)). It is true that punitive damages are not available in cases involving no more than simple negligence, but they are available when "the actor knows, or has reason to know ...

of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097 (1985)(quoting Restatement (Second) of Torts, § 500 cmt. a (1979)).

The plaintiffs have pleaded allegations stating that the driver of the defendants' trucks was driving negligently at the time of the accident, and in addition to numerous other allegations of unsafe and negligent operation of the vehicle, assert that the driver "***recklessly fail[ed]*** to secure the steel coils to the trailer as required under 49 C.F.R. § 393.120." (Doc. 1, Compl., ¶ 27) (emphasis added.) The plaintiffs also allege that the defendants failed to supervise and train their employees, and failed to supervise and train their employees in ensuring the safe securement of steel coils required under the applicable regulations regarding the carriage of hazardous cargo. (Doc. 1, Compl., ¶¶ 27-28)

In another case involving similar facts, the defendant-driver of a tractor trailer involved in a fatal vehicular accident attempted to have the plaintiff's claim for punitive damages dismissed at the outset of a case through a Rule 12(b)(6) motion. The Court denied the motion and explained as follows:

> Plaintiff's allegations are that [the defendant] knowingly took a dangerous vehicle onto a public highway and then operated that vehicle in a dangerous manner. It is fair to infer from these allegations that [the

> defendant] knew, or had reason to know, that his actions created a high degree of risk to Logue and other travelers, but that he continued those actions in deliberate disregard or indifference to that risk. Feld, 485 A.2d 742, 748. These allegations also could demonstrate more than mere gross negligence. Because of that, if true, these facts could entitle plaintiff to relief and, therefore, dismissal of the punitive damages claims under Fed. R. Civ. P. 12(b)(6) is inappropriate.

Logue, 921 F. Supp. at 1427-28. This language is equally applicable in this case, where the plaintiffs have alleged not only negligent operation of a tractor trailer, but has also averred that the driver of the vehicle recklessly failed to secure the steel coils in accordance with applicable regulations, which ultimately led to the plaintiffs' sustaining injuries.

Whether or not the plaintiffs ultimately are able to support their claims that the defendants' acted recklessly is not before the Court; instead, we are considering only whether the plaintiffs should be permitted to pursue their claim of reckless conduct and for punitive damages past the pleading stage in this lawsuit, and to take discovery into facts that may support this claim. The plaintiffs allegations of reckless conduct are sufficient to permit them to do so, and compel the denial of the defendants' threshold motion to dismiss. The defendants may revisit this issue through a properly documented motion for summary judgment if, following discovery, the plaintiffs have not adduced evidence to support a claim for punitive damages.

## IV. **RECOMMENDATION**

Accordingly, it is hereby recommended that the defendants' motion to dismiss (Doc. 4) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of December, 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge